UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CAMACHO AGUIRRE, | No. 1:26-cv-03969-DC-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION AND PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL FACILITY, et al., | |
| Respondents. | (Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), which the court converted to a motion for preliminary injunction (*see* Doc. No. 5), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 7.) Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL

1

508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

On May 27, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On May 30, 2026, Respondents filed their opposition to Petitioner's motion on the same legal grounds as those addressed by the court in *Alvarez Maciel* and *Barajas Ortiz*. (Doc. No. 6.) However, Respondents factually distinguish Petitioner's claim from the aforementioned cases by emphasizing that Petitioner was detained by immigration authorities following his arrest on August 20, 2025 for "operating a moto[r] vehicle without a license, resisting an officer with violence, and battery on a law enforcement officer or other specified personnel." (*Id*. at 1.) Respondents attach Petitioner's FBI RAP sheet reflecting that arrest. (Doc. No. 6-2.) According to Petitioner's immigration records, on March 26, 2026, Petitioner was found guilty of the first two charges, and the battery charges were dropped by the Florida state court. (Doc. No. 6-1 at 3.)

Respondents assert that it was Petitioner's encounter with law enforcement that led to Petitioner's detention, and Respondents took custody of Petitioner from the county jail. (Doc. No. 6 at 1, 3.) Respondents further indicate that they do not oppose the court ruling directly on the petition. (*Id.* at 4.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in *Zuniga Cruz*.[1] However, unlike the petitioner in *Zuniga Cruz* who had no criminal record, Petitioner here was arrested immediately following his arrest and conviction for operating a motor vehicle without a license and resisting an officer with violence. (Doc. No. 6-2.) This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release.").

Accordingly,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a

---

[1] Because the court is granting the petition on the statutory claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

3

temporary restraining order, converted to a motion for a preliminary injunction (Doc. No. 2) are GRANTED as follows:

    a.      Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Guillermo Camacho Aguirre (A-221-466-334) a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

    b.      If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

2.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 8, 2026**                              _____

Dena Coggins
United States District Judge